**Michael J. Petitti, Jr. – 011667**
**Paige C. Pataky – 029951**
**SHIELDS PETITTI, PLC**
**5090 N. 40th Street, Suite 207**
**Phoenix, Arizona 85018**
**Telephone: (602) 718-3330**
**Facsimile: (602) 675-2356**
**E-Mail:  mjp@shieldspetitti.com**
**E-Mail:  pcp@shieldspetitti.com**

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Rhonda Howman, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Arizona State University, as an Agent of the State of Arizona; Arizona State Alumni Association, a division of Arizona State University; State of Arizona; Arizona Board of Regents, in its official capacity as an agent of the State of Arizona; Larry Penley, Karrin Taylor Robson, Ron Shoopman, Lyndel Manson, Bill Ridenour, Fred DuVal, Kate King, Cecilia Mata, Nikhil Dave, Anthony Rusk, Doug Ducey, and Kathy Hoffman, in their official capacities as members of the Arizona Board of Regents, | |
| Defendants. | |

Plaintiff Rhonda Howman ("Plaintiff") for her cause of action against Defendants alleges:

**GENERAL ALLEGATIONS**

**(Parties and Jurisdiction)**

1. Plaintiff is a resident of Maricopa County, State of Arizona and was a resident of Maricopa County during all relevant times.

1188013.1

2. Defendant Arizona State University (Defendant ASU") is a University as set forth in *A.R.S. § 15-1601.*

3. Defendant Arizona State University Alumni Association ("Defendant Association") is a division of Defendant ASU.

4. Defendant Arizona Board of Regents is a Board of Regents as set forth in *A.R.S. §§ 15-1621 et seq.*

5. At all relevant times, Defendant ASU and Defendant Arizona Board of Regents were acting for and on behalf of the Defendant State of Arizona and such actions were in the course and scope of their authority or alternatively were acting under color of authority and beyond the scope of their duties with knowledge or consent of Defendant State of Arizona.

At all relevant times, Larry Penley, Karrin Taylor Robson, Ron Shoopman, Lyndel Manson, Bill Ridenour, Fred DuVal, Kate King, Cecilia Mata, Nikhil Dave, Anthony Rusk, Doug Ducey, and Kathy Hoffman were members of Defendant Board of Regents and were acting for and on behalf of Defendant ASU and Defendant State and such actions were within the course and scope of their authority.  They are sued in their official capacities.

6. Defendants have committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action arises.   Accordingly, jurisdiction and venue are proper in this Court.

**(Nature of Action)**

7. This is an action brought by Plaintiff to vindicate violations of *Title VII of the Civil Rights Act of 1964,* as amended ("Title VII").

**(Jury Demand)**

8. Pursuant to Rule 38, *Federal Rules of Civil Procedure*, Plaintiff demands a jury trial.

1188013.1

## FACTS COMMON TO THE CLAIM FOR RELIEF

9. Plaintiff was employed by Defendant Association for approximately ten (10) years as an Accountant Senior. She was also the Human Resources Liasion for Defendant Association, which included additional duties such as reporting federal discrimination and ASU policy violations. Plaintiff performed her job with competence and distinction and at all times to Defendants' benefit.

10. In August 2018, a former coworker informed Plaintiff of a claim of sexual harassment by an ASU student against a male Defendant Alumni employee, the Director of Student Programs, including his inappropriate comments about female students' bodies.

11. Plaintiff promptly reported in good faith the allegation to Defendant ASU's Office of Equity and Inclusion pursuant to her mandatory duty to report sexual harassment.

12. Soon after Plaintiff's good faith reporting of the sexual harassment allegation, she experienced different and adverse treatment in the terms and conditions of her employment by Defendant Association's Senior Management. For example, Vice President Alissa Seregnese questioned Plaintiff's work, excluded her from important meetings and events and reprimanded her for actions taken by her adult son, who was a former officer of the Student Alumni Association. In addition, her direct supervisor informed her that the President of Defendant Association had begun to repeatedly inquire about when she was going to retire.

13. Defendant Association's treatment became so hostile that Plaintiff began experiencing extreme fear and anxiety, which manifested in sleeplessness, bouts of crying, and an increase in already-high blood pressure, heartburn, chest pains, dizziness and stomach problems. Plaintiff's cardiologist, in fact, expressed concerns about her blood pressure and chest pains.

14. To escape the adverse and hostile treatment by Defendant Association's Senior

1188013.1

Management, Plaintiff applied for an open Accountant Senior position at Defendant ASU's W.P. Carey School of Business. She ultimately accepted the position in February, 2019. To simply escape the harassing and retaliatory treatment, she took the position even though the job had fewer responsibilities and she lost her classified staff member status.

15. Unfortunately, Plaintiff's transition and hope for a fresh start did not go as planned. For instance, prior to starting the new position, she received an ominous warning from her supervisor not to "make waves" because Defendant Alumni's President was very good friends with the Dean at W.P. Carey Business School. Then, during her first week in the new position, the Director in charge of business alumni told Plaintiff that she was very good friends with Defendant Alumni Association's Vice President Seregnese. In addition, Plaintiff's direct Manager at W.P. Carey also made a point of letting let her know she was lifelong friends with a former coworker also involved in the Defendant Alumni incident.

16. After Plaintiff accepted the position at Defendant ASU's business school, she also discovered that it had hired a second person for the position. Consequently, Plaintiff's duties were vastly diminished. She was performing entry level accounting work, which was not how the job was presented in the posting or interview. In addition, her duties were changed to include reconciling business alumni events, which put her in direct contact with the people she was trying to avoid. Indeed, she would not have accepted the position if she understood that it included ongoing contact with Defendant Association's management. Plaintiff also experienced different treatment than other employees, including not being permitted to use flex time during her first 90 days of employment, while another employee was permitted to use flex time during her first 90 days.

17. Ultimately, the working environment at Defendant ASU's business school turned out to be no different than what Plaintiff had left behind. Defendant Association's Vice

4

1188013.1

President continued to exert influence, such as informing her new management and coworkers that she was not a team player and could not be trusted.

18. Plaintiff's physical symptoms not only did not improve but worsened. Although she was attending counseling to help cope with the extreme distress, eventually even her counselor advised her that she should leave Defendant ASU. Consequently, Plaintiff felt compelled to retire on March 22, 2019 to maintain her health and reputation.

19. On October 7, 2019, Plaintiff timely filed charges of sex and retaliation discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendant Association and Defendant ASU.

20. The EEOC issued its Notices of Right to Sue thereafter. (Copies of the Notices are attached and incorporated as Exhibits 1 and 2).

21. Plaintiff is damaged by the wrongful acts of Defendants and their agents herein alleged, which damage includes, without limitation, the following:

   a. Lost salary and employment benefits due Plaintiff at the time of her constructive discharge and since her discharge;
   b. Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from the discriminatory and wrongful conduct by Defendants and their agents from the period of underemployment she experienced since Defendants' illegal conduct; and
   c. Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

22. The willful and wanton misconduct on the part of Defendants is such that it justifies an award of liquidated damages.

23. All prerequisites to Plaintiff filing suit have been met.

1188013.1

24. All allegations of this Complaint are incorporated into the Claim for Relief in this Complaint.

**CLAIM FOR RELIEF**
**(Retaliation in Violation of Title VII)**

25. Defendants intentionally, knowingly and maliciously or, in the alternative, in reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff after she reported her good faith concerns of sexual harassment.

26. As a proximate result of Defendants' wrongful conduct, Plaintiff has been damaged as alleged herein or as proven at trial.

WHEREFORE, Plaintiff requests judgment in her favor and against Defendants, and each of them, as follows:

A. For all injunctive and declaratory relief necessary, including a declaration that Defendants' conduct violated Title VII and enjoining Defendants from conduct violating Plaintiff's rights;

B. For actual, consequential and incidental damages as alleged herein or as determined at trial;

C. For punitive damages;

D. For Plaintiff's attorneys' fees and costs incurred in this matter pursuant to Title VII and any other applicable statute, rule or regulation;

E. For interest on each element of damage, cost or attorneys' fees at the highest legal rate from the date such damage, cost or attorneys' fees was incurred until paid; and

F. For such other relief as the Court deems just and proper.

1188013.1

DATED this 10th day of December, 2020.

                                  SHIELDS PETITTI, PLC

                              By /s/ Michael J. Petitti, Jr.
                                 Michael J. Petitti, Jr.
                                 Paige C. Pataky
                                 5090 N. 40th Street, Suite 207
                                 Phoenix, Arizona 85018
                                 Attorneys for Plaintiff

1188013.1